Matter of Murray (2021 NY Slip Op 04606)





Matter of Murray


2021 NY Slip Op 04606


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2020-00955
2020-09315

[*1]In the Matter of Mark A. Murray, admitted as Mark Alan Murray, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Mark A. Murray, respondent. (Attorney Registration No. 2274801)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District under Appellate Division Docket No. 2020-09315. In a separate proceeding under Appellate Division Docket No. 2020-00955, by decision and order upon motion dated July 22, 2020, this Court, inter alia, immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2) and (c)(2)(ii) based on the respondent's conviction of a serious crime—petit larceny, a class A misdemeanor, under Penal Law § 155.25. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 1989, under the name Mark Alan Murray.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On December 14, 2020, the Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated December 14, 2020, upon his consent, by email, and duly filed those papers with this Court with an affidavit of service.
The petition contains five charges of professional misconduct alleging that the respondent: misappropriated funds incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge one); failed to pay or deliver to a client, as requested by the client, funds in the respondent's possession that the client is entitled to receive, in violation of rule 1.15(c)(4) (22 NYCRR 1200.0) (charge two); failed to promptly comply with a client's reasonable requests for information, in violation of rule 1.4(a)(4) (22 NYCRR 1200.0) (charge three); engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) (22 NYCRR 1200.0) (charge four); and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) (22 NYCRR 1200.0) (charge five).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. By letter dated December 21, 2020, addressed to the Grievance Committee and this Court, the respondent acknowledged service of the notice of petition and the verified petition, and stated that he does "not intend to appear in these proceedings or to defend against the charges contained in the Petition." To date, the respondent has not filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent [*2]established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served on January 11, 2021, to date, the respondent has neither opposed the motion nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
In view of the respondent's disbarment, on the Court's own motion, the disciplinary proceeding under Appellate Division Docket No. 2020-00955 is discontinued as academic.
LASALLE, P.J., MASTRO, RIVERA, DILLON, and DUFFY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges against the respondent, Mark A. Murray, admitted as Mark Alan Murray, a suspended attorney, established based upon his default is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark A. Murray, admitted as Mark Alan Murray, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Mark A. Murray, admitted as Mark Alan Murray, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Mark A. Murray, admitted as Mark Alan Murray, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mark A. Murray, admitted as Mark Alan Murray, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that on the Court's own motion, the disciplinary proceeding under Appellate Division Docket No. 2020-00955 is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court